IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) | 4:07CV3148 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| DISMAL RIVER CLUB, LLC, | ) ) | |
| Defendant. | ) | |

This matter is before the court on a motion for summary judgment filed by the plaintiff, Developers Surety and Indemnity Company ("Developers"). The plaintiff is an Iowa surety company that has its principal place of business in California. The defendant, Dismal River Club, LLC ("Dismal River"), is a Colorado limited liability company that has its principal place of business in Nebraska. Jurisdiction allegedly is based on diversity of citizenship. Developers seeks a declaratory judgment that there is no coverage under a performance bond that it issued to Dismal River on behalf of Milroy Golf Systems, Inc., in connection with a contract for the construction of an irrigation system on a golf course near Mullen, Nebraska.

Before addressing the merits of the plaintiff's motion, the court must satisfy itself that subject matter jurisdiction exists. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). It is the plaintiff's burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); Fed. R. Civ. P. 8(a)(1).

In this circuit, at least, it is the citizenship of a limited liability company's members—not the state in which the company was formed—that is relevant for

purposes of establishing diversity jurisdiction. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Thus, to establish diversity, the plaintiff must allege the citizenship of each member of the defendant Dismal River Club LLC and must show that no such member is a citizen of Iowa or California. *See Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004) (discussing requirement of complete diversity).

The allegations of Developer's complaint are not sufficient to establish that subject matter jurisdiction exists. Evidence submitted in support of the motion for summary also fails to disclose the citizenship of Dismal River's members. Because of this deficiency,

IT IS ORDERED that:

1. Plaintiff is directed to show cause, on or before May 1, 2008, why this action should not be dismissed for lack of subject matter jurisdiction.

2. Plaintiff's motion for summary judgment (filing 77) will be held in abeyance pending Plaintiff's response to this show cause order.

April 3, 2008.                BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge